J-S72021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                     :            PENNSYLVANIA
                     :
          v.             :
                     :
                     :
DONNIEL ROUNDTREE,          :
                     :
         Appellant      :      No. 556 EDA 2017

Appeal from the PCRA Order January 5, 2017
in the Court of Common Pleas of Lehigh County,
Criminal Division at No(s):  CP-39-CR-0001605-2014

BEFORE:  BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:        **FILED JANUARY 18, 2018**

Donniel Roundtree ("Roundtree"), *pro se*, appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

At the guilty plea hearing, Roundtree agreed to the following factual summary presented by the Commonwealth:

> [O]n April 8, 2014, at approximately 1:25 p.m., Pennsylvania State Police were monitoring westbound traffic on Interstate 78. At that time[,] they observed a tan 2013 Chevrolet Tahoe traveling 63 miles per hour in a 55 mile per hour speed zone.
>
> …
>
> Trooper [Thomas] Fleisher conducted a vehicle stop in the area of mile marker 60.1, which is Exit 57, which is Upper Saucon Township, Lehigh County.  At that time[,] [] Roundtree was in the front [passenger seat] in the Chevy Tahoe.  After some questioning by the troopers, they eventually made a search of [] Roundtree and they found that he was concealing in his anus two plastic bags[, which contained heroin].  They were recovered by Trooper Jonathan Gerken and submitted to the Pennsylvania

_____
* Former Justice specially assigned to the Superior Court.

State Police. One bag came back weighing 30.37 grams. The second bag was 30.16 grams, for a total of 60.53 grams of heroin, and [Roundtree] possessed that with the intent to deliver. Also recovered from the Chevy Tahoe was one [] cardboard box[] with the small glassine packages that are commonly used to package heroin.

N.T., 1/5/15, at 9-10 (paragraph breaks omitted).

Roundtree was charged with three counts of possession of a controlled substance and one count each of possession with intent to deliver a controlled substance (heroin), possession of a small amount of marijuana, and possession of drug paraphernalia. On June 10, 2014, Roundtree filed a Motion to Suppress physical evidence, on the basis that the evidence was seized as a result of an illegal stop, detention, and search. Following a hearing, the trial court denied Roundtree's Motion to Suppress.

On January 5, 2015, Roundtree entered a negotiated guilty plea to possession with intent to deliver, with the agreement that his minimum sentence would not exceed 5 years. The trial court accepted Roundtree's guilty plea, and sentenced him to a term of 5 to 10 years in prison. Roundtree did not file post-sentence motions or a direct appeal.

On January 27, 2016, Roundtree, *pro se*, filed the instant PCRA Petition. The PCRA court appointed Roundtree counsel, who filed an Amended Petition on Roundtree's behalf. PCRA counsel subsequently filed a Petition for permission to withdraw from representation, and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted PCRA counsel permission to withdraw. On

- 2 -

November 16, 2016, the PCRA court issued a Notice of its intention to dismiss Roundtree's Petition without a hearing, pursuant to Pa.R.Crim.P. 907. After receiving an extension of time to respond to the Rule 907 Notice, Roundtree filed a Response. The PCRA court dismissed Roundtree's Petition on January 5, 2017. Roundtree filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Roundtree raises the following questions for our review:

1. Whether trial counsel provided ineffective assistance of counsel when advising [Roundtree] to tak[e] a guilty plea, that was a direct result of an illegal search and seizure, arising from an unlawful traffic stop and search/pat[-]down?

2. Whether trial counsel provided ineffective assistance of counsel when advising [Roundtree] to tak[e] a guilty plea of an illegal sentence, that was a direct result of an illegal search and seizure, arising from an unlawful traffic stop/pat[-]down?

3. Whether PCRA counsel was ineffective for failing to appeal trial counsel's failure in advising [Roundtree] to tak[e] a guilty plea, that was a direct result of an illegal search and seizure, arising from an unlawful traffic stop and search/pat[-]down?

4. Whether PCRA counsel was ineffective for failing to appeal trial counsel's failure of effective assistance of counsel when advising [Roundtree] to tak[e] a guilty plea of an illegal sentence, that was a direct result of an illegal search and seizure, arising from an unlawful traffic stop and search/pat[-]down?

5. Whether trial counsel … provided ineffective assistance of counsel when he failed to suppress the illegal search and seizure, arising from the unlawful traffic stop and search/pat[-]down?

6. Whether the PCRA court abused its discretion by finding no fault in trial counsel's ineffectiveness during the suppression hearing of the unlawful traffic stop, that was a direct result of an illegal traffic stop, search/pat[-]down and seizure of the unlawful items?

7. Whether the PCRA court abused its discretion in upholding the trial court's illegal sentence of [Roundtree]?

8. Whether PCRA counsel … was ineffective for failing to appeal trial counsel's failure to suppress the illegal search and seizure, arising from the unlawful traffic stop and search/pat[-]down?

9. Whether trial counsel failed to provide [Roundtree] with the requested notes of testimony and discovery?

10. Whether PCRA counsel was ineffective for failing to provide [Roundtree] the requested notes of testimony and discovery?

11. Whether the PCRA court abused its discretion by dismissing the PCRA Petition without order[ing] notes of testimony and discovery for the indigent [Roundtree]?

Brief for Appellant at 4-5 (issues renumbered).

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

We will consider Roundtree's first and second claims together. In both claims, Roundtree contends that trial counsel was ineffective for advising him to plead guilty. Brief for Appellant at 14-16. Roundtree argues that the recovered evidence was the product of an illegal stop and search, and claims

that he pled guilty based on trial counsel's opinion that the evidence was legally obtained. *Id.*

> It is well-settled that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Franklin*, 990 A.2d at 797 (citations omitted). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Roane*, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations and quotation marks omitted); *see also Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (stating that "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice … by facilitating entry of an unknowing, involuntary, or unintelligent plea." (citations omitted)).

As this Court has explained,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

* * *

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

* * *

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Here, the trial court conducted an oral colloquy on the record during the January 5, 2015 guilty plea and sentencing hearing, during which Roundtree acknowledged that he completed a Written Guilty Plea Colloquy form and reviewed the form with his attorney. **See** N.T., 1/5/15, at 4. Additionally, the trial court advised Roundtree regarding his right to a jury trial and the presumption of innocence, and informed him that the judge is not bound by the terms of the plea agreement. **See id.** at 3. Roundtree also acknowledged that he understood the nature of the charge to which he was pleading guilty; he understood the maximum sentence he could receive

for the charge; he agreed to the facts underlying the charge; and he admitted to possessing heroin for the purpose of delivery. *See id.* at 9-11; *see also Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (stating that "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." (citation omitted)). Further, in pleading guilty, Roundtree acknowledged that he waived all claims except for the jurisdiction of the court accepting his plea, the validity of the plea, and the legality of his sentence. *See* N.T., 1/5/15, at 8. Based upon the foregoing, we conclude that Roundtree entered into his negotiated plea knowingly, intelligently, and voluntarily, and our review of the record reveals no way in which Roundtree was misled or misinformed. *See Pollard, supra*; *see also id.* at 524 (stating that "[t]he desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea."). Accordingly, Roundtree is not entitled to relief on these claims.

Similarly, in his third and fourth claims, Roundtree argues that his PCRA counsel was ineffective for failing to challenge trial counsel's

effectiveness in advising Roundtree to enter a guilty plea.[1]  Brief for Appellant at 20-22.  Because we have concluded that Roundtree's challenges to the effectiveness of trial counsel are without merit, Roundtree is not entitled to relief on the basis that PCRA counsel was ineffective for failing to raise such a claim.  **See Commonwealth v. Williams**, 900 A.2d 906, 910 (Pa. Super. 2006) (stating that "[i]f trial counsel was not ineffective …, then no subsequent counsel could be held ineffective for failing to raise that claim."); **see also Commonwealth v. Rivera**, 816 A.2d 282, 292 (Pa. Super. 2003) (stating that "post-trial counsel will not be deemed ineffective for failing to raise and preserve meritless challenges to the effectiveness of trial counsel." (citation and brackets omitted)).

We will consider Roundtree's fifth, sixth, and seventh claims together. In his fifth claim, Roundtree argues that trial counsel was ineffective for failing "to suppress the illegal search and seizure."  Brief for Appellant at 12. Roundtree claims that trial counsel failed to present an argument that the traffic stop and subsequent search were unsupported by reasonable suspicion.  **Id.** at 12-14.  In his sixth claim, Roundtree contends that "the PCRA court abused its discretion by finding no fault in trial counsel's effectiveness during the suppression hearing …."  **Id.** at 24; **see also id.** at

---

[1] Roundtree preserved his challenge to PCRA counsel's effectiveness for our review because he raised the claim in response to the PCRA court's Rule 907 Notice.  **See Commonwealth v. Ford**, 44 A.3d 1190, 1198 (Pa. Super. 2012).

24-26. In his seventh claim, Roundtree asserts that the PCRA court abused its discretion in upholding his "illegal" sentence, because the evidence supporting his conviction was the result of an illegal stop. *Id.* at 26-27.

Contrary to Roundtree's assertions, trial counsel did, in fact, challenge the legality of the traffic stop, detention, and subsequent search in a Motion to Suppress physical evidence, which the trial court denied. Accordingly, we cannot conclude that trial counsel was ineffective on this basis. *See Commonwealth v. Eichinger*, 108 A.3d 821, 834 (Pa. 2014) (concluding that trial counsel was not ineffective for failing to raise a claim that appellant's statements to the police were unlawfully obtained, where trial counsel did, in fact, raise such a claim); *see also Commonwealth v. Busanet*, 54 A.3d 35, 61 (Pa. 2012) (concluding that trial counsel could not be deemed ineffective for failing to object to a specific line of questioning where counsel did, in fact, object).[2]

_____

[2] Moreover, to the extent that Roundtree attempts to pursue his underlying claim that the recovered evidence should have been suppressed, we note that Roundtree waived his suppression challenge by entering a guilty plea. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (stating that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed"); *see also* N.T., 1/5/15, at 8 (wherein, during his oral plea colloquy, Roundtree acknowledged his understanding that in pleading guilty, he waived all claims except for the jurisdiction of the court accepting his plea, the validity of the plea, and the legality of his sentence).

Similarly, in his eighth claim, Roundtree argues that PCRA counsel was ineffective for failing to challenge trial counsel's effectiveness in failing to raise a suppression claim. Brief for Appellant at 18-19. Because we have concluded that Roundtree's challenges to the effectiveness of trial counsel regarding the suppression claim are without merit, Roundtree is not entitled to relief on the basis that PCRA counsel was ineffective for failing to raise such claims. **See Williams, supra**; **see also Rivera, supra**.

In his ninth claim, Roundtree asserts that trial counsel was ineffective for failing to obtain dashboard camera footage of the traffic stop in support of his claim that the stop was illegal. Brief for Appellant at 17-18.

Contrary to Roundtree's assertions, we note that the relevant dashboard camera footage was available for the suppression court's review at the suppression hearing. **See** Trial Court Opinion, 11/26/14, at 3 (wherein the trial court noted that Trooper Gerken can be heard on the dashboard camera); **see also Turner/Finley** Letter, 10/31/16, at 2 (wherein PCRA counsel indicated that he had reviewed, *inter alia*, "the DVD containing the audio and video of the traffic stop that led eventually to the petitioner's arrest and charges"). Thus, we cannot conclude that trial counsel was ineffective on this basis. **See Eichinger**, **supra**; **see also Busanet**, **supra**.

In his tenth claim, Roundtree again argues that trial counsel "made no attempts to seek discovery of the dash[board camera] footage in question," and asserts that PCRA counsel failed to raise this claim on his behalf. Brief

for Appellant at 23-24. Because we have concluded that Roundtree's challenge to the effectiveness of trial counsel regarding discovery are without merit, Roundtree is not entitled to relief on the basis that PCRA counsel failed to raise such a claim. **See Williams, supra**; **see also Rivera, supra**. Additionally, to the extent that Roundtree claims that PCRA counsel did not review the dashboard camera footage, we note that, in his **Turner**/**Finley** Letter, PCRA counsel specifically stated that he reviewed the relevant footage. **See Turner**/**Finley** Letter, 10/31/16, at 2.

In his eleventh claim, Roundtree argues that the PCRA court abused its discretion in dismissing his Petition without ordering the requested notes of testimony and discovery.[3] Brief for Appellant at 27-28. Roundtree avers that these materials are necessary to establish his claims. **Id.** at 17, 23, 28. Roundtree seeks dashboard camera footage obtained during the traffic stop, which he believes will establish that the stop was illegal and that trial counsel was therefore ineffective for failing to obtain such evidence. **Id.**

Regarding Roundtree's requests for transcripts, we observe that both of his *pro se* requests were filed more than a month after the PCRA court had dismissed Roundtree's Petition, and Roundtree had filed a Notice of Appeal. Therefore, even if Roundtree had obtained the transcripts he

---

[3] On March 1, 2017, Roundtree filed a *pro se* Motion for Notes of Testimony and Discovery. Subsequently, on March 17, 2017, Roundtree filed a *pro se* Request for Transcripts. The PCRA court denied both the Motion and the Request in an Order dated March 29, 2017.

sought, the PCRA court no longer had jurisdiction to consider new or amended claims at that time. ***See generally Commonwealth v. Crider***, 735 A.2d 730, 733 (Pa. Super. 1999) (stating that "a court is not required to comply with a defendant's request for transcripts in order to pursue relief in a PCRA proceeding where no such action is pending.").

Regarding Roundtree's request for discovery of dashboard camera footage, we observe that, pursuant to Pa.R.Crim.P. 902(E)(1), "no discovery shall be permitted at any stage of [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances." Because the PCRA and the criminal rules do not define the term "exceptional circumstances," "it is for the trial court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted. We will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion." ***Commonwealth v. Frey***, 41 A.3d 605, 611 (Pa. Super. 2012). Here, the trial court determined that Roundtree failed to establish "exceptional circumstances" warranting discovery, ***see*** Trial Court Order, 3/29/17, at 1 n.1, and we discern no abuse of discretion in this determination. Based upon the foregoing, Roundtree is not entitled to relief on these claims.[4]

---

[4] Moreover, we observe that Roundtree requested these materials in support of his underlying suppression claim, which he waived by entering a guilty plea. ***See Eisenberg***, 98 A.3d at 1275.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/18/18